Jesus MOJICA, Plaintiff-Appellant,

v.

**FLORIDA DEPARTMENT OF REVENUE, Defendant-Appellee.**

No. 17-10034
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(August 21, 2017)

Marie A. Mattox, Marie A. Mattox, PA, Tallahassee, FL, for Plaintiff-Appellant

Thomas Robert Thompson, Mallory Bennett, Thompson Crawford & Smiley, Tallahassee, FL, Pam Bondi, Attorney General's Office, Tallahassee, FL, for Defendant-Appellee

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jesus Mojica, a Hispanic male, appeals the district court's grant of the Florida Department of Revenue's ("FDOR") motion for summary judgment as to his national origin discrimination and retaliation claims, raised pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 3. In his complaint, Mojica alleged that the FDOR turned him down for numerous positions to which he applied because of his national origin and because of a prior discrimination lawsuit he had settled with the FDOR. On appeal, Mojica argues that: (1) the district court erred in finding that he failed to present evidence showing that the FDOR's reasons for not promoting him were pretextual; and (2) he established a "convincing mosaic" of discrimination and retaliation. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)). The movant "bears the initial responsibility of . . . identifying th[e] portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotations omitted). The burden then "shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." Josendis v. Wall to Wall Residence Re-

pairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011).

Title VII makes it unlawful for an employer "to fail or refuse to hire ... any individual, or otherwise to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The anti-retaliation provision of Title VII makes it unlawful for an employer to discriminate against an employee who has "opposed any practice" that has been made an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a). A plaintiff may prove national origin discrimination or retaliation through direct or circumstantial evidence. See Green v. Sch. Bd. of Hillsborough Cty., Fla., 25 F.3d 974, 978 (11th Cir. 1994); Furcron v. Mail Centers Plus, LLC, 843 F.3d 1295, 1310 (11th Cir. 2016).

In a national origin discrimination or retaliation case in which an employee relies on circumstantial evidence, we generally analyze the claim under the three-part framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See, e.g., Green, 25 F.3d at 978; Furcron, 843 F.3d at 1310. Under this analysis, the plaintiff must first establish a prima facie case, which creates an inference of national origin discrimination or retaliation. See Green, 25 F.3d at 978; Furcron, 843 F.3d at 1310. Once the plaintiff establishes a prima facie case, and the defendant offers a legitimate reason for the adverse action, the plaintiff must then prove that the defendant's proffered reason was pretextual. Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009). To establish pretext, a plaintiff cannot merely "recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer," but instead must meet each proffered reason "head on and rebut it."

Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

Nevertheless, the McDonnell Douglas framework "is not, and never was intended to be, the sine qua non for a plaintiff to survive a summary judgment motion." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). A plaintiff may also defeat a summary judgment motion by presenting "a convincing mosaic" of circumstantial evidence that would allow a jury to infer "intentional discrimination by the decisionmaker." Id. (quotations omitted).

Here, the district court did not err granting summary judgment to the FDOR because Mojica failed to present sufficient evidence from which a reasonable jury could conclude that the FDOR's proffered reasons for not selecting him—salary constraints and candidate qualifications—were pretextual. For starters, Mojica failed to show any genuine dispute of fact indicating that salary was not a legitimate basis for the FDOR's decision not to hire him for most of the positions to which he applied. As the undisputed record reveals, Mojica was unwilling to accept any position that did not pay 10% above his then-current salary of $73,500. Yet, according to the undisputed record, for five of the six positions to which Mojica applied, the amount of money available to pay candidates and the salaries that chosen candidates actually accepted were much lower than the $80,000 salary that Mojica required. We recognize that Mojica presented evidence that his current salary fell within the broad pay grade range available for each position and that pay increases of 10% or more were common within the FDOR. We also recognize that Jane Ackerman, who was selected as Senior Tax Specialist, received $57,560 per year, which was more than the salary advertised for the Senior Tax Specialist position. However, there is

no evidence—apart from Mojica's unsupported assertion that the FDOR could do "whatever it chooses" with its budget—that the FDOR could have actually paid Mojica the salary that he was seeking.

Mojica also failed to show that candidate qualifications were not a legitimate basis for the FDOR's decision not to hire him for the Tax Audit Supervisor and Revenue Program Administrator ("RPA II") positions. For the Tax Audit Supervisor positions, the record reflects that, despite Mojica's long tenure with the FDOR and supervisory experience, the chosen candidates, Charles Sears and Myra Taylor, had relevant experience specific to the Campaigns process ("a FDOR process in which there is focus on auditing specific targeted taxes") and the Reemployment Tax ("RT") division. The record also shows that Taylor had already assumed many of the responsibilities of the position prior to her hiring. For the RPA II position, the record shows that Richard Unen was chosen because of his significant experience with FDOR field operations and with large corporate taxpayers and complex issues. As for Mojica's claim that he had longer tenure with the FDOR and more supervisory experience than Unen, the record suggests that, if Mojica's break in service is taken into account and Unen's 18-year term as Tax Audit Supervisor is counted as supervisory, Unen's experience exceeds Mojica's. But in any event, we do not serve as a "super-personnel department that reexamines an entity's business decisions." Chapman, 229 F.3d at 1030 (quotation omitted). Because Mojica failed to do more than substitute his own business judgment for that of the FDOR and come forward with evidence of pretext, he failed to carry his burden under the McDonnell Douglas framework. See id.

Finally, Mojica did not argue before the district court that the evidence established a "convincing mosaic" of discrimination or retaliation, so we need not consider this issue on appeal. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that we do not consider issues an appellant failed to raise before the district court). But even assuming arguendo that Mojica's "convincing mosaic" argument were properly preserved, he has failed to present a genuine issue of material fact indicating that a "convincing mosaic" of circumstantial evidence has raised a reasonable inference that the FDOR intentionally discriminated against him. See Smith, 644 F.3d at 1328. Just as the evidence presented—including Mojica's repeated non-selection for multiple positions or the availability of pay increases upon promotion within the FDOR—is insufficient to demonstrate pretext, it does not give rise to an inference that Mojica was not considered or selected based on his national origin or in retaliation for his prior discrimination lawsuit.

Accordingly, the district court did not err in granting the FDOR's motion for summary judgment and we affirm.

**AFFIRMED.**